UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARTIN L. MANLEY,

          Plaintiff,          Case No. 1:11-cv-150

v.                                  Honorable Janet T. Neff

YVONNE ROSE et al.,

          Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Lauer. The Court will serve the complaint against Defendant Rose.

**Discussion**

I.       Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Carson City Correctional Facility (DRF). He sues DRF Librarian Yvonne Rose and DRF Resident Unit Manager M. Lauer.

Plaintiff alleges that, on January 11, 2011, he was using a library typewriter to prepare legal work. The window was open, allowing snow to blow into the room, making Plaintiff's papers wet. Plaintiff asked Defendant Rose if she would close the window. Rose refused, stating that it was hot in the room. Plaintiff took his papers out of the typewriter and went to speak to Officer Gonzales. Gonzales told Plaintiff that there was nothing he could do about the situation. Plaintiff went back into the library and asked Rose to sign his pass, as he wanted to leave the library. Plaintiff informed Rose that he intended to file another grievance against her for her conduct. Rose signed the pass and Plaintiff left.

The following day, Rose charged Plaintiff with a minor misconduct for creating a disturbance. Rose alleged that Plaintiff had become loud and argumentative when told that he could not close the window. Plaintiff talked to Gonzales about what he had witnessed. Gonzales refused to provide a witness statement to Plaintiff but told Plaintiff that he had not logged an incident at the time in question. Defendant Lauer conducted a hearing on the minor misconduct charge. Plaintiff told Lauer that Rose had filed the misconduct charge in retaliation for Plaintiff's grievances and that Gonzales had not recorded an incident. Lauer nevertheless found Plaintiff guilty of the misconduct. Plaintiff appealed the misconduct conviction, but it was affirmed.

Plaintiff contends that Defendant Rose violated his First Amendment and substantive due process rights by falsely charging him with a misconduct in retaliation for the grievances he had filed against her. He also alleges that Defendant Lauer deprived him of due process by failing to be impartial and base her misconduct decision on the preponderance of the evidence. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is "to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant Lauer violated his right to due process by failing to be impartial in weighing the evidence on the misconduct charge. According to MDOC policy directives, the charge of creating a disturbance is a minor misconduct. MICH. DEP'T OF CORR., Policy Directive 03.03.105, Attachment C (listing Class III misconducts). A minor misconduct charge is not subject to a formal disciplinary hearing. Instead, the matter is heard in an informal hearing conducted by an uninvolved staff member, in this case Resident Unit Manager M. Lauer. MICH. DEP'T OF CORR., Policy Directive 03.03.105, ¶¶ ZZ, AAA. Plaintiff does not identify the nature of his sanctions, but he does not assert that they exceeded the punishments permissible for Class III violations. MICH. DEP'T OF CORR., Policy Directive 03.03.105, ¶¶ JJJ, KKK and Attachment D. Permissible sanctions for any single incident are limited to one day of toplock (confinement to quarters), fifteen days loss of privileges, twenty hours of extra duty, and/or counseling and reprimand. *Id.*

A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting

restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). Plaintiff does not allege that his minor misconduct conviction inevitably affects the duration of his sentence. Specifically, he does not contend that he lost any good-time credits as a result of the conviction, nor would such a sanction have been authorized under the applicable MDOC policy. *See* MICH. DEP'T OF CORR., Policy Directive 03.03.105, Attachment D. Moreover, the Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999). Plaintiff therefore fails to demonstrate that he suffered an infringement of a liberty interest protected by the Due Process Clause. As a consequence, he fails to state a claim against Defendant Lauer.

Upon initial review, the Court concludes that Plaintiff's retaliation claim against Defendant Rose warrants service of the complaint.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant Lauer will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Rose.

An Order consistent with this Opinion will be entered.

Dated: April 15, 2011          /s/ Janet T. Neff
                               Janet T. Neff
                               United States District Judge