UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARTIN L. MANLEY,

    Plaintiff,                              Case No. 1:11-cv-150

v                                        HON. JANET T. NEFF

YVONNE ROSE,

    Defendant.
_____/


**OPINION AND ORDER**

        This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Defendant's alleged retaliatory actions in response to Plaintiff's constitutionally protected conduct. Defendant filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendant's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

        Plaintiff objects to the Magistrate Judge's determination that (1) he has not properly exhausted his claim through the formal grievance procedure (Pl. Obj., Dkt 24 at 2; R & R, Dkt 22 at 11); and (2) he has failed to establish the causation element his claims of retaliation (Pl. Obj., Dkt 24 at 8; R & R, Dkt 22 at 12, 14).

**I. Exhaustion**

Plaintiff first objects to the Magistrate Judge's determination that he has failed to exhaust his administrative remedies (Pl. Obj., Dkt 24 at 2). Plaintiff argues for the first time that the Michigan Department of Corrections (MDOC) disallows grievances that have *any relation* to a disciplinary charge (*id.*) (emphasis added). Plaintiff argues that because prison officials prevented him from filing a grievance for Defendant's initiation of an allegedly retaliatory disciplinary proceeding, he is not required under *Rancher v. Franklin*, 122 F. App'x 240 (6th Cir. 2005), to exhaust his claim through the grievance procedure (*id.*).

Parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Issues not raised in the complaint to the Magistrate Judge are deemed waived. *Id.*; *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Because Plaintiff has not raised this issue in his complaint or responsive pleadings, it is now deemed waived.

Even if this issue were not waived, Plaintiff's argument is without merit. In *Rancher*, the plaintiff had submitted uncontradicted evidence that the prison system treated medical issues as non-grievable. *Rancher*, 122 F. App'x at 242. The court held that lack of availability of a formal grievance procedure to the plaintiff waived the exhaustion requirements of the PLRA. *Id.* Plaintiff cites *Marr v. Fields*, No. 1:07-cv-494, 2008 WL 828788 (W.D. Mich. Mar. 27, 2008), claiming that it held "Michigan's Department of Corrections grievance coordinators interpreted grievance policy broadly to exclude all grievances with any relationship to a disciplinary charge and therefore a prisoner is prevented from utilizing that remedy and therefore does not have to pursue that remedy" (Pl. Obj., Dkt 24 at 2) (emphasis in original).

To the contrary, in finding that a genuine issue of fact existed about whether the grievance process was available to the plaintiff, the court in *Marr* determined that the "Plaintiff's evidence, if believed, would demonstrate that hearing officers enforced a broad interpretation of the policy, rejecting all grievances that relate in any way to a misconduct charge." *Marr*, 2008 WL 828788, at *6. Moreover, *Marr* is distinguishable because there, unlike in this case, the plaintiff challenged the retaliatory motive in his misconduct hearing and in his appeal of the misconduct finding, so motive could have been a consideration for the hearing officer (*see* R & R, Dkt 22, at 10). *Id.* at *7.

In this case, Plaintiff has submitted a receipt for his grievance (Dkt 20-1 at 2); his unsworn statement that "it was rejected due to the matter being an [sic] non-grievable issue . . . The plaintiff misplaced the grievance response . . ." (Pl. Reply Br., Dkt 20 at 4); and an unverified memorandum from a grievance coordinator denying an unrelated grievance as non-grievable (Dkt 24-1). No evidence has been presented that the MDOC has a policy of denying all grievances related to disciplinary hearings. Plaintiff's argument is without merit, and his objection is therefore denied.

## II.  Retaliation Claim

Plaintiff next objects to the Magistrate Judge's determination that he has failed to establish the causation prong of his First Amendment retaliation claim (Pl. Obj., Dkt 24 at 8). Plaintiff argues that the fact that the allegedly retaliatory misconduct hearing took place after he engaged in protected conduct "shows a chronology of events from which retaliation may plausibly be inferred" (*id.* at 7). The elements of a First Amendment retaliation claim are "(1) the plaintiff was engaged in constitutionally protected conduct, (2) the plaintiff suffered adverse action which would deter a person of 'ordinary firmness' from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action" (R & R, Dkt 22

at 11, citing *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007)).  As the Magistrate Judge noted, Defendant does not dispute that Plaintiff was engaged in protected conduct or that a misconduct ticket could satisfy the requirements of adverse action (R & R, Dkt 22 at 7).  Plaintiff has failed, however, to establish that his protected conduct was the cause of the adverse action.  Nowhere in his pleadings, or in his Objection, has Plaintiff alleged anything more than his conclusion that Defendant's actions were motivated by his protected conduct.  The Magistrate Judge correctly concluded that such "bare allegations of malice" are insufficient to establish the causation prong of Plaintiff's First Amendment claim (*id.* at 12-14).  Plaintiff's argument is without merit, and his objection is therefore denied.

### III. Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 24) are DENIED and the Report and Recommendation (Dkt 22) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 14) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: February 9, 2012 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge